UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00581-FDW-DCK

| | |
|---|---|
| LAQUITA NICHOLE MCGINNIS, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ALLSTATE INSURANCE, ) </br> ISAOA/AIIMA, ALLSTATE INSURANCE ) </br> COMPANY, and ALLSTATE ) </br> CUSTOMER CONTACT CENTER- ) </br> CHARLOTTE, ) </br> ) </br> Defendants. ) </br> ) | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). (Doc. No. 10). Defendants also move to terminate Defendants AI, ACCCC, and ISAOA/AIIMA from this action. The parties have fully briefed the motion, and these matters are now ripe for disposition. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## **BACKGROUND**

On October 17, 2014, Plaintiff filed this action alleging an employment discrimination claim under Title VII of the Civil Rights of 1964. While Plaintiff initially filed her claim *pro se*, she has since retained counsel to represent her in this matter.[1] (Doc. No. 16).

---

[1] The Court notes that Plaintiff was proceeding *pro se* at the time Defendants filed their Motion to Dismiss. Therefore, the Court issued a Roseboro notice and granted Plaintiff additional time to respond to Defendants' Motion. (Doc. No. 13). Plaintiff then retained counsel and timely filed its response.

1

This action is based on Plaintiff's former employment with Defendant Allstate Insurance Company ("Allstate"). (Doc. No. 1, p. 5). According to the Complaint, and assuming the allegations to be truthful, Plaintiff began working for Allstate in April 2005, and it appears that Plaintiff continued this work until October 2010, at which time she was hospitalized and "diagnosed with mineral deficiencies causing syncopy episodes of altered mental status." Id. Plaintiff claims that she was repeatedly "refused protection of FMLA protected time and penalized for protected time." Id. She further claims that "[u]pon requesting leave of absence, Allstate den[ied] leave of absence or delay[ed] leave of absence." Id. At some point in 2010, Plaintiff was granted leave of absence and remained on leave until December 2012. Id. During this period of leave, Allstate's representatives periodically inquired about Plaintiff's status and intent to return to work, and Plaintiff maintained correspondence with Allstate. Id. Then, on or about December 24, 2012, an Allstate representative requested Plaintiff's return to work. Id. Thereafter, Plaintiff contends that Allstate's representatives "repeatedly denied the acceptance of [her] doctor's orders regarding the conditions under which [she] should return to work" and eventually forced her doctor to write an order for Plaintiff to return to work. Id. Plaintiff was to return to work, with accommodations, on or about February 5, 2013. Id. However, it appears that before she returned to work, Allstate terminated her employment based on its allegations that Plaintiff had wrongfully written an insurance policy during her employment prior to taking her medical leave of absence. Id.

After her termination, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on July 15, 2014. (Doc. No. 1, pp. 3, 8). Thereafter, on October 17, 2014, Plaintiff filed the present action. (Doc. No. 1). Plaintiff

appears to contest her culpability for writing the alleged wrongful insurance policy by claiming that she wrote the policy at a time when she was "under a medical condition which may have altered [her] abilities to execute the policy effectively." Id. She also contends that Allstate acted with malice in terminating her employment. Id.

On December 10, 2014, Defendants filed the present Motion to Dismiss pursuant to FRCP 12(b)(6). (Doc. No. 10). Defendants also moved to terminate Defendants AI, ACCCC, and ISAOA/AIIMA from the action. Id.

## DISCUSSION

### I. Standard of Review

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly at 556).

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules

3

of Civil Procedure] mark[ ] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief 'will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore it should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

II. Analysis

    a. **Defendants' Motion to Terminate Defendants AI, ACCCC, and ISAOA/AIIMA**

Defendants seek to dismiss Plaintiff's claims against Defendants AI, ACCCC, and ISAOA/AIIMA, claiming that these parties "are not legal entities capable of suing or being sued. (Doc. No. 10, p.1). Plaintiff does not contest dismissal of these defendants. (Doc. No. 20, p.3). An entity that does not exist cannot be sued. Accordingly, the Court dismisses all claims in this matter brought against Defendants AI, ACCCC, and ISAOA/AIIMA.

    b. **Defendants' Motion to Dismiss Plaintiff's Sole Claim for Unlawful Termination in Violation of the Americans with Disabilities Act**

Defendants assert that Plaintiff's sole claim for unlawful termination in violation of the ADA should be dismissed because Plaintiff has failed to allege facts sufficient to support this claim. (Doc. No. 10, p.1). Specifically, Defendant contends that Plaintiff has not properly alleged: (1) a disability under the Americans with Disabilities Act of 1990, as amended (the "ADAAA"); (2) that she was qualified for the position in question at the time of her discharge; and (3) that she has a record of impairment or was regarded by Defendant as having one. (Doc. No. 11, pp. 6-13).

Upon review by the Court, Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) is DENIED without prejudice. Defendants are free to raise the issues set forth in this Motion again at summary judgment.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss AI, ACCCC, and ISAOA/AIIMA from this action is GRANTED. Accordingly, Defendants AI, ACCCC, and ISAOA/AIIMA are terminated from this action.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) is DENIED without prejudice.

IT IS SO ORDERED.

Signed: February 4, 2015

Frank D. Whitney
Chief United States District Judge